■ NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, Appellant-Respondent, v UNITED STATES TRUST COMPANY OF NEW YORK, Respondent-Appellant. (And a Third-Party Action.)—Order, Supreme Court, New York County (Irma Vidal Santaella, J.), entered June 12, 1989, denying plaintiff's and defendant's cross motions for summary judgment, unanimously affirmed, without costs.

It is undisputed that, on October 27, 1982, defendant and third-party plaintiff United States Trust Company of New York (U.S. Trust), pursuant to instructions received from third-party defendant Kent Winford, the principal of third-party defendant K.K. Winford & Company, Inc. (Winford), and a customer of the bank, issued a negotiable certificate of deposit (C.D.) due November 30, 1982 in the sum of $100,000. In accordance with its standard practice, no actual certificate was issued, but the C.D. was registered in "book entry" form and held in safekeeping in the name of plaintiff National Union Fire Insurance Company of Pittsburgh, Pa. (NUFI). The purpose of the C.D. was to provide NUFI with security for

Winford's performance in connection with an insurance program which Winford wished to obtain from plaintiff. Winford originally had wanted to set up a $100,000 escrow account for the same purpose, but when United States Trust declined to act as a fiduciary, Winford said, "All right, then I will just put the money in National Union's name." Thereafter, on November 11, 1982, NUFI and Winford entered into a security escrow agreement, wherein U.S. Trust was to make payments from the C.D. to NUFI upon its demands as amounts became payable from Winford and U.S. Trust was to be held harmless for any losses or liability if it acted in good faith and without negligence in accordance with terms of the agreement to which U.S. Trust was not a party and of which it had no notice. Upon maturity, the C.D. was rolled over pursuant to instructions received from NUFI, which also directed that the interest due was to be paid to Winford. These instructions continued to be received from NUFI until some time in 1984, when U.S. Trust received no response to its request for instructions. It then contacted Winford for such instructions and the rollovers continued pursuant to Winford's instructions, until August 8, 1986, when, upon Winford's instructions, U.S. Trust "broke" the C.D. (paid it out midterm) and paid the proceeds into two of Winford's corporate checking accounts at U.S. Trust. In response to an inquiry from U.S. Trust's vice-president, Winford explained that there was no longer a need for the C.D. because his relationship with National Union was going to come to an end.

Under the circumstances, questions of fact exist as to whether U.S. Trust acted properly and in good faith in following instructions given to it by its depositor and whether it was negligent in failing to give notice to NUFI of Winford's liquidation of the C.D. Accordingly, the IAS court properly denied the cross motions for summary judgment. Concur— Kupferman, J. P., Ross, Ellerin, Wallach and Rubin, JJ.